**GOOD GUSTAFSON AUMAIS LLP**
J. Ryan Gustafson (Cal. Bar No. 220802)
2330 Westwood Blvd., No. 103
Los Angeles, CA 90064
Tel: (310) 274-4663
jrg@ggallp.com

**SHENAQ PC**
Amir Shenaq, Esq.*
3500 Lenox Road, Ste. 1500
Atlanta, GA 30326
Tel:  (888) 909-9993
amir@shenaqpc.com

**THE KEETON FIRM LLC**
Steffan T. Keeton, Esq.*
100 S Commons, Ste 102
Pittsburgh PA 15212
Tel: (888) 412-5291
stkeeton@keetonfirm.com

*Pro hac vice forthcoming

Counsel for Plaintiff and the Proposed Classes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| Margaret Murphy, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNILEVER UNITED STATES, INC.,<br><br>Defendant. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**Demand for Jury Trial** |

Plaintiff Margaret Murphy ("Plaintiff") brings this action on behalf of herself, and all others similarly situated against Defendant UNILEVER UNITED STATES, INC. ("Unilever" or "Defendant") for the manufacture, distribution, marketing, and sale of THE LAUNDRESS brand products (the "Product" or "Products").[1] Plaintiff makes the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which is based on personal knowledge:

## NATURE OF ACTION

1.      This is a class action complaint against Defendant for the manufacture, distribution, marketing, and sale of the Products, that based on Defendant's own admission suffer from identical deceptive conduct concerning the inclusion of deadly bacteria. Despite Defendant's widespread marketing campaign that the Products are non-toxic and present better-for-you alternatives to other cleaners, the Products contain highly toxic, undisclosed ingredients. Specifically, the Products contain undisclosed bacteria that have fatal consequences. Household cleaning products that pose such a hazard are unreasonably dangerous compared to the utility of the Products. This deception rendered the Products unsuitable for their principal and intended purpose. Further, had Plaintiff and Class Members been aware of the presence of fatal bacteria, they would not have purchased the Products.

2.      With the sale of every Product, Defendant delivered a biological weapon into the home of every Class Member.

_____

[1] At the time of this filing, Exhibit A includes the LAUNDRESS products that are included in this definition. This definition is not exhaustive, and shall include all of Defendant's products that are similarly misrepresented and defective.

GOOD GUSTAFSON AUMAIS LLP

3.      Instead of subtracting bacteria, each Product adds bacteria which can multiply within a household because it is – as one Oxford researcher describes – a superbug that is antibiotic resistant.[2]

4.      The Products contain a bacterium, Pseudomonas, that has a mortality rate of 39%[3] and has caused multiple fatal outbreaks in infant wards at hospitals throughout the country.[4]

5.      On November 17, 2022, Defendant first revealed that THE LAUNDRESS brand's entire product line contains harmful, toxic bacteria.

6.      In fact, the toxin has been present in all of the Products for years.

7.      Unfortunately, the toxin permeated – unknowingly to consumers – throughout all of the Products which led (and currently leads) to unneeded physical injury and economic harm.

8.      Plaintiff and Class Members are further harmed because once silk, cashmere, and wool are contaminated by the bacterium, these garments may be

---

[2] University of Oxford, *Common drug-resistant superbug develops fast resistance to 'last resort' antibiotic* (June 7, 2022), https://www.ox.ac.uk/news/2022-06-07-common-drug-resistant-superbug-develops-fast-resistance-last-resort-antibiotic.

[3] Cheol-In Kang, Sung-Han Kim, Hong-Bin Kim, Sang-Won Park, Young-Ju Choe, Myoung-don Oh, Eui-Chong Kim, Kang-Won Choe, *Pseudomonas aeruginosa Bacteremia: Risk Factors for Mortality and Influence of Delayed Receipt of Effective Antimicrobial Therapy on Clinical Outcome*, CLINICAL INFECTIOUS DISEASES, Volume 37, Issue 6, 15 September 2003, Pages 745–751, https://doi.org/10.1086/377200.

[4] Justin Moyer, *What we know about Pseudomonas, the potentially deadly bacteria found at a Maryland hospital*, THE WASHINGTON POST ((Aug. 9, 2016), https://www.washingtonpost.com/news/local/wp/2016/08/09/what-we-know-about-pseudomonas-the-potentially-deadly-bacteria-found-at-a-md-hospital/; Aimee Ortiz, *Deaths of 3 Infants Traced to Contaminated Equipment, Hospital Says*, THE NEW YORK TIMES (Nov. 8, 2019), https://www.nytimes.com/2019/11/08/us/pennsylvania-infant-deaths-breast-milk.html.

destroyed because they cannot be exposed to hot water, intense heat, bleach or hospital grade disinfectants which are necessary to kill the bacteria.

9.    In other words, a favorite silk or cashmere garment once owned by a parent or grandparent could be forever ruined simply because a Class Member tried to clean it with a "premium," "non-toxic" product.

10.    Because Defendant continues to reap its spoils, and gives the false impression that the Products are safe, Defendant exposes this risk to millions of Americans every day while also knowingly selling consumers defective Products that expose every Class Members' household to great harm.

11.    In fact, once the truth is exposed the Products are, at best, worthless.

12.    Reasonable consumers, like Plaintiff, purchase the Products to subtract bacteria rather than adding harmful, toxic bacteria that can cause "serious infections," "severe tissue damage,"[5] death, "pneumonia or septicaemia."[6]

13.    Plaintiff brings claims against Defendant individually and on behalf of a class of all other similarly situated purchasers of the Products for (i) violations of the consumer protection statutes for states included in a Multi-State Consumer Class; (ii) violations of California's Unfair Competition Law; (iii) violation of California's False Advertising Law; (iv) violation of California's Consumer Legal Remedies Act; (v)

---

[5] Sabir R, Alvi SF, Fawwad A, Basit A. *Antibiogram of Pseudomonas aeruginosa and Methicillin-resistant Staphylococcus aureus in patients with diabetes.* PAK J MED SCI. 2014 Jul;30(4):814-8. doi: 10.12669/pjms.304.4755. PMID: 25097523; PMCID: PMC4121704.

[6] ACTION MEDICAL RESEARCH, *Secrets of a 'superbug': what makes Pseudomonas bacteria so deadly?* (Oct. 6, 2007), https://action.org.uk/research/secrets-superbug-what-makes-pseudomonas-bacteria-so-deadly.

breach of implied warranty; (vi) violation of the Magnuson-Moss Warranty Act; and (vii) unjust enrichment.

## **PARTIES**

14.      Plaintiff is, and at all times relevant to this action has been, a resident of California and a domiciliary of California.

a.      Within the past two years, Plaintiff made several purchases of Defendant's Products from e-commerce stores, including but not limited to FabFitFun, that shipped products to her residence in California. The Products purchased by Plaintiff included, but not limited to, the Delicate Wash, the Crease Relief spray, and the Signature Detergent. Prior to purchasing THE LAUNDRESS Products, Plaintiff saw and relied on the representation and warranty that the product would be a "non-toxic" and "better for you" alternatives to other cleaning methods like dry cleaning. Plaintiff understood these representations to mean that the Products did not contain harsh, harmful, or toxic ingredients. At the time of purchase, Plaintiff did not expect that the cleaning supplies purchased would contain a bacterium with deadly consequences.  Plaintiff purchased the Products at a substantial price premium, and would not have purchased the products had she known that the marketing she relied on was false, misleading, deceptive and unfair or that the Products contained potentially deadly bacteria. Plaintiff would purchase the Products again in the future if Defendant conformed the Products to their "non-toxic" marketing.

b.      Plaintiff purchased the Products because she believed they were fit for use as non-toxic cleaners and safe to be used on delicate clothing in lieu of having to dry clean expensive clothing. However, the Products that Plaintiff purchased were not fit for use due to the presence of toxic bacteria in the Products. Ms. Murphy's belief that the Products were fit to be used as non-toxic cleaning

GOOD GUSTAFSON AUMAIS LLP

products formed the basis of the bargain, and Ms. Murphy would not have purchased the Products.

   c. The Products that Plaintiff purchased and used caused Plaintiff and members of her household to suffer from respiratory infections, skin infections, rashes, and hives.

   d. Plaintiff suffered economic injury from the Products' defect because she purchased an item that was worth less than what had been represented to her.

  15. Defendant is a Delaware corporation with its principal place of business in Englewood Cliffs, New Jersey. Defendant sells the Products throughout the United States, including in the state of California.

  16. Defendant is part of the Unilever Group, an international consumer goods company that is comprised of two parent companies, Unilever N.V. in Rotterdam, Netherlands and Unilever PLC in London, United Kingdom. The Unilever Group operates in the United States under its subsidiary, Unilever United States, Inc., which operates as a single economic entity.

## JURISDICTION AND VENUE

  17. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

  18. This Court has personal jurisdiction over Defendant. Defendant purposefully avails itself of the California consumer market and distributes the Products to many locations within this District and hundreds of retail locations

GOOD GUSTAFSON AUMAIS LLP

throughout the State of California, where the Products are purchased by thousands of consumers every day.

19.    Venue is proper in this District under 28 U.S.C. § 1391(a). Plaintiff's purchases of Defendant's Products, substantial acts in furtherance of the alleged improper conduct, including the dissemination of false and misleading information regarding the nature, quality, and/or ingredients of the Products, occurred within this District and the Defendant conducts business in this District.

## DIVISIONAL ASSIGNMENT

20.    Pursuant to Civil Local Rule 3-2(c-d), a substantial part of the events giving rise to the claims arose in Lake County, and this action should be assigned to the Eureka Division.

## COMMON FACTUAL ALLEGATIONS

### A.    Defendant Manufactures, Markets, Distributes and Sells the Products

21.    Defendant manufactures, markets, distributes, and sells the Products throughout the United States.

22.    In January 2019, Defendant acquired the "premium eco-friendly line of detergent, fabric care, and home cleaning products"[7] for $100,000,000.[8]

23.    Millions of units containing toxic bacteria were sold throughout the United States to consumers in all fifty states and Washington, D.C. at premium prices compared to competing brands. For example, one gallon of its Signature Detergent costs approximately $94 per unit.

_____

[7] UNILEVER, *Unilever acquires The Laundress* (Jan. 27, 2019), https://www.unilever.com/news/press-and-media/press-releases/2019/unilever-acquires-the-laundress/.

[8] Elizabeth Segran, *The Laundress founders come clean about why they sold to Unilever*, FAST COMPANY (Jan. 29, 2019), https://www.fastcompany.com/90298157/exclusive-laundress-founders-gwen-whiting-and-lindsey-boyd-on-why-they-sold-to-unilever.

GOOD GUSTAFSON AUMAIS LLP



24.     Defendant markets the Products through a widespread campaign focused on premium consumers that demand non-toxic, eco-friendly, and green cleaning products.

**B.     Defendant's Universal Branding and Marketing Campaigns Emphasize the Non-Toxic Nature of the Products.**

25.     Defendant positions its Products as premium, non-toxic alternatives to competing products through a widespread marketing campaign.

26.     THE LAUNDRESS is "known for its luxury, non-toxic and cruelty-free soaps and detergents…."[9]

---

[9] Lauren Silver, *Luxury lifestyle brand The Laundress tells customers to stop using its products*, FOX13 (Nov. 21, 2022), https://www.fox13memphis.com/news/trending/luxury-lifestyle-brand-laundress-tells-customers-stop-using-its-products/FLMEKMRPQZG55AO4UHPLKEDO34/

CLASS ACTION COMPLAINT

27.    For example, Defendant routinely positions its Products as a toxic-free, better-for-you alternative to dry cleaning:

1. "Dry clean only? No way. You've got this, and we can help. Nobody relishes the idea of wearing **highly toxic dry cleaning chemicals** against their skin along with their most delicate clothing items. Now there's a solution that is **better for both you and the environment**, all without ruining your treasured delicates. Washing delicates is easier than ever with Delicate Wash from The Laundress. It smells divine and easily removes odors while cleaning and preserving delicate fabrics. Visit our Clean Talk Blog for instructions on how to wash specific delicate items."[10]

2. "Of course, your delicates are not usually the items to wear once and toss in the laundry. If you want to stay fresh between washing delicate items, try our **non-toxic, biodegradable**, and delightfully fragrant Delicate Spray. It's perfect for silks, knits, and undergarments. So keep that favorite silk Hermes scarf in the rotation a bit longer before your next hand-washing adventure. This fabric spray makes a great gift, too. You can even use it to freshen bed linens, pillows, and furniture around the house. Herbal and citrus notes combine with amber, bergamot, lavender, and musk to make everyone's nose a little happier."[11]

3. "**Eliminating the dry cleaner** was one of our first missions in creating this line of laundry and fabric care products. And lucky for you, we've accomplished our goal. Use this kit to safely clean and preserve woolens, delicates, synthetics, and more **without the toxins** and extra cost of the dry cleaner!"[12]

4. "Ideal for travel or stashing in your bag or car, this handy kit washes, freshens, and removes stains on silk, delicates, woolens, synthetics and more **without the toxins** and extra cost of the dry cleaner. Airplane-friendly and comes housed in a canvas zip bag."[13]

28.    These representations are omnipresent in all of Defendant's marketing efforts.

---

[10] The Laundress, *Gentle, Yet Powerful Cleaning for Your Delicate Items*, https://www.thelaundress.com/blogs/clean-talk-blog/washing-delicates (emphasis added).

[11] *Id.* (emphasis added).

[12] The Laundress, Dry Cleaning Detox Kit Product Page, https://www.thelaundress.com/products/dry-cleaning-detox-kit (emphasis added).

[13] The Laundress, Dry Clean on the Go Kit Product Page, https://www.thelaundress.com/products/dry-clean-on-the-go-kit (emphasis added).

GOOD GUSTAFSON AUMAIS LLP

29.     For example, in a video entitled "Why You Should Rethink Dry Cleaning" on the brand's official website, co-founder Lindsey Boyd describes the toxic chemicals that occur in dry cleaning and why THE LAUNDRESS is a "better for you" alternative. She describes the Products as "non-toxic" and containing "the best ingredients."[14]

30.     Defendant markets the Products through social media and uses hashtags like #greencleaning, #plantderived, and #ecoconscious to further the message that its Products are non-toxic, "good for you," and offer an environmentally-focused cleaning experience.



32.     Defendant's marketing campaigns have been successful at cultivating a loyal customer base of consumers that seek non-toxic cleaning products and are willing to pay thousands of dollars to obtain non-toxic cleaning products.

33.     For example, customers will fill entire shelves at home with the Products.

---

[14] The Laundress, *Why You Should Rethink Your Next Trip to the Dry Cleaner*, https://www.thelaundress.com/blogs/clean-talk-blog/why-you-should-rethink-your-next-trip-to-the-dry-cleaner.

GOOD GUSTAFSON AUMAIS LLP



34.     Class Members represent this loyal customer base that was deceived into buying "non-toxic" Products that actually contained undisclosed harmful toxins with fatal consequences.

**C.    The Product Contains Harmful, Toxic Ingredients That Were Not Disclosed at the Time of Sale.**

35.     The Products contain toxic ingredients that were not disclosed on the Products' packaging nor in any other medium by Defendant prior to purchase by Plaintiff and the Class.

36.     The Products contain harmful bacteria, including Pseudomonas.

37.     Pseudomonas is a "superbug" because, as Dr. Craig MacLean from the University of Oxford describes, it "mutates at an incredibly high rate, allowing [the] bacteria to quickly evolve antibiotic resistance."[15]

38.     Pseudomonas "frequently cause[] serious infections" and can "cause severe tissue damage."[16]

39.     "[I]nfection is severe and life-threatening, leading to pneumonia or septicaemia."[17]

---

[15] University of Oxford, *supra* note 2.

[16] Sabir, et. al., *supra* note 5.

[17] University of Oxford, *supra* note 2.

GOOD GUSTAFSON AUMAIS LLP

GOOD GUSTAFSON AUMAIS LLP

40.     Exposure to the bacteria can be fatal, and in 2016 it caused a deadly outbreak that killed multiple infants at a Maryland hospital.[18]

41.     In 2019, an outbreak of the bacteria at a Pennsylvania hospital also took the lives of multiple infants.[19]

42.     Pseudomonas can kill people "within 24 hours" of exposure.[20]

43.     In one study of Pseudomonas, the bacteria displayed a 30-day mortality rate of 39%.[21]

44.     Defendant has, or should have, knowledge of the contents of the Products that it sends into homes throughout the country.

45.     The presence of toxins was not known by Plaintiff or Class Members prior to purchase.

46.     The presence of harmful bacteria was a material element in Plaintiff's and Class Members' decision to purchase the Products. Prior to purchase, Defendant failed to inform Plaintiff and Class Members that the Products contained a bacterium with fatal consequences. Only recently in November 2022, and after Class Members purchased the Products, Defendant first revealed the presence of the bacteria in the Products.

47.     Had Plaintiff and Class Members known of the inclusion of the undisclosed bacteria, they would not have purchased the Products.

48.     Thus, the Products are worthless.

_____

[18] Moyer, *supra* note 4.

[19] Ortiz, *supra* note 4.

[20] ACTION MEDICAL RESEARCH, *supra* note 6.

[21] Kang, et. al., *supra* note 3.

**D.    The Products Harm People.**

49.    As described above, the Products present a great danger to the public.

50.    The Products have harmed people and continue to pose a threat to the public.

51.    The Products that Plaintiff purchased and used caused Plaintiff and members of her household to suffer from respiratory infections, skin infections, rashes, and hives.

52.    With the resiliency of the "superbug," long-term consequences are unknown but expected given the long timeline that the bacterium colonizes.

53.    Other Class Members have had similar experiences:

Ballet17 · 1 day ago

I got the bacteria all over my legs with painful red bumps for months my dermatologist finally made the connection!! So mad... but now what? Class action suit? How do we get doctors bills covered?

Mundane_Substance241 · 1 day ago

Strange, I have faithfully used their products for years now and in the past year, I also had a root canal that became abscessed and had to wind up taking multiple rounds of strong antibiotics and then have a dental implant to replace it after having it removed. I had complications with the dental implant also. Then for the past year and a half, I have dealt with what I thought was adult acne (I'm almost 43, never had acne in my life), that has put me through hell, wound up severely getting infected one time and having to take antibiotics for it, had to use multiple antibiotics for it, derm put me on acne meds that never seemed to clear it up. It has been hell. Oh, and had surgery last December on my back to have a melanoma removed and that incision mysteriously got infected even though I did meticulous wound care. It now makes a little more sense.

SnooStrawberries1582 · 5 days ago

I've been using their products for years. I'm a real estate agent and I give the box sets to a lot of clients as well. Last month I ended up with bacterial pneumonia from a bacteria strain that is similar to staph. My husband has had a stye in his eye for over 2 months. I wash our sheets in the Le Labo Santal. I've got so many of their products. I'd like to know what sort of investigation they're doing because nobody called me to see if I was having health issues. I also got a mysterious red rash all over my back. I am so angry right now. When are we going to get answers from these people? I'm telling you right now that if whatever bacteria is in their products I will be getting a lawyer if it's the same that caused my pneumonia. I have never been sicker in my life!

 **dear_gabbi** I exclusively use The Laundress products for my laundry and this is the first I'm hearing of this. I was in the hospital for two weeks in 2021 with septic shock and almost died. Who do I speak to about this?

1d   21 likes   Reply

—— View replies (10)

 **dear_gabbi** @jdcgdojn ive never had COVID and yes my hospital did capture it, thanks though!

1d   2 likes   Reply

**jdcgdojn** @dear_gabbi ur chart has the exact name of the bacteria????

1d   Reply

GOOD GUSTAFSON AUMAIS LLP



54.     The Products create undue risk, danger, and harm throughout all aspects of everyday life. This danger is ever-present. Thus, Defendant's inclusion of toxins removes all utility from the Products.

**E.      Defendant's Exclusive Pre-Sale Knowledge of the Toxins**

55.     Defendant had exclusive knowledge of the Products' contents prior to sale to consumers.

56.     Plaintiff and Class Members were unable to test or observe the ingredients in the Products prior to purchase.

57.     Defendant knew or should have known that the Products purported to be non-toxic contained toxins.

58.     Defendant knew or should have known that the Products contained bacteria that can have fatal consequences.

**F.      Plaintiff and Class Members Have Suffered Economic Injury**

59.     Plaintiff and the Class Members reasonably relied to their detriment on Defendant's deceptive and misleading representations and omissions concerning the Products.

60.     Defendant's false, misleading, and deceptive misrepresentations and omissions are likely to continue to deceive and mislead reasonable consumers and the

GOOD GUSTAFSON AUMAIS LLP

GOOD GUSTAFSON AUMAIS LLP

general public, as they have already deceived and misled Plaintiff and the Class Members.

61.    In making the false, misleading, and deceptive representations and omissions described herein, Defendant knew and intended that consumers would pay a premium for Products under the – false – belief that the Products were safe and free of toxins.

62.    As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive representations and omissions, Defendant injured the Plaintiff and the Class Members in that they:

   a.  Paid a sum of money for Products that were not what Defendant represented;

   b.  Paid a premium price for Products that were not what Defendant represented;

   c.  Were deprived of the benefit of the bargain because the Products they purchased were different from what Defendant warranted; and

   d.  Were deprived of the benefit of the bargain because the Products they purchased had less value than what Defendant represented.

63.    Plaintiff and Class Members were additionally harmed by damage to clothing, washing machines, and other property from exposure to the undisclosed bacteria as well as the countless hours to attempt to clean the contaminated clothing.


**myblessedfarmhouse** @thehappygirl Same here– my Spring Summer clothes were just washed and out away until next year but now need to be rewashed? And my Fall/winter wardrobe taken out of storage, washed, air dried and now I need to wash it again. (Along with the other 9 members of my family!) it's a lot of laundry. And it's not like Laundress is going to pay the water and electricity bill!


**thehappygirl** @axriannaaxx I'm so sorry. I get it. I laundered my whole summer wardrobe and ironed every single linen item with The Laundress. The thought of rewashing everything is overwhelming. This whole thing is overwhelming.

64.     The scope of the damage to clothing is intensified because of the bacterium's long colonization period and its durability. Some Class Members have washed thousands of garments with the Products.

65.     Many garments can only be washed with cold water and can only be hung to dry without the use of heat. For many, these garments are ruined because the bacteria cannot be removed.

66.     Madeline Miller, Product Specialist at THE LAUNDRESS understands that "[c]ertain delicate natural fibers such as silk, cashmere and wool are particularly sensitive to laundering methods, and cannot be exposed to harsh routines that include hot water and high spin."[22]

67.     In other words, many garments made from silk, cashmere, and wool that are contaminated by the bacterium may never be remedied because hot water cannot be used on these fabrics.

68.     Had Defendant not made the false, misleading, and deceptive representations and omissions, Plaintiff and the Class Members would not have been willing to pay the same amount for the Products they purchased, and, consequently, Plaintiff and the Class Members would not have been willing to purchase the Products.

69.     Plaintiff and the Class Members paid for Products that were believed to be safe and free of the Defect but received Products that were unsafe and contained toxins. The products Plaintiff and the Class Members received were worth less than the Products for which they paid.

70.     Plaintiff and Class Members paid a premium for the Products because they relied on Defendant's marketing that the Products were non-toxic.

---

[22] Stephanie Osmanski, *A Comprehensive Guide to the Laundry Room: What Do Those Common Laundry Symbols Actually Mean?*, PARADE (Oct. 19, 2022), https://parade.com/living/laundry-symbols.



71.     Plaintiff and the Class Members all paid money for the Products. However, Plaintiff and the Class Members did not obtain the full value of the advertised Products due to Defendant's misrepresentations and omissions. Plaintiff and the Class Members purchased, purchased more of, and/or paid more for, the Products than they would have had they known the truth about the Products. Consequently, Plaintiff and the Class Members have suffered injury in fact and lost money as a result of Defendant's wrongful conduct.

**CLASS ACTION ALLEGATIONS**

72.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves, on behalf of all others similarly situated, and as a member of the Classes defined as follows (collectively, the "Classes" or "Class"):

        a.  Multi-State Consumer Class: All persons in the States of California, Florida, Illinois, Massachusetts, Minnesota, Missouri, New Jersey,

New York, Pennsylvania, Oregon, and Washington who purchased the Products.[23]

    b.   California Class: All persons who purchased Defendant's Product within the State of California and within the applicable statute of limitations.

    c.   Nationwide Class: All persons who purchased Defendant's Product within the United States and within the applicable statute of limitations period.

73.    Excluded from the Class are Defendant, their parents, subsidiaries, affiliates, officers, and directors, those who purchased the Products for resale, all persons who make a timely election to be excluded from the Class, the judge to whom the case is assigned and any immediate family members thereof.

74.    The members of the Class are so numerous that joinder of all Class Members is impracticable. Defendant has sold, at a minimum, millions of units of the Products to Class Members.

75.    There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the putative classes that predominate over questions that may affect individual Class Members include, but are not limited to the following:

---

[23] The States in the Multi-State Consumer Class are limited to those States with similar consumer protection laws under the facts of this case: California (Cal. Bus. & Prof. Code § 17200, et seq.); Florida (Fla. Stat. § 501.201, et seq.); Illinois (815 ILCS 505/1, et seq.); Massachusetts (Mass. Gen. Laws Ch. 93A, et seq.); Michigan (Mich. Comp. Laws § 445.901, et seq.); Minnesota (Minn. Stat. § 325F.67, et seq.); Missouri (Mo. Rev. Stat. 407.010, et seq.); New Jersey (N.J. Stat. § 56:8-1, et seq.); New York (N.Y. Gen. Bus. Law § 349, et seq.); Pennsylvania (73 Pa. Stat. Ann. §§ 201-1 et seq.); Oregon (Or. Rev. Stat. §§ 646.605, et seq.); and Washington (Wash Rev. Code § 19.86.010, et seq.).

GOOD GUSTAFSON AUMAIS LLP

GOOD GUSTAFSON AUMAIS LLP

a.    whether Defendant misrepresented material facts concerning the Products on the label of every product;

b.    whether Defendant's conduct was unfair, misleading, and/or deceptive;

c.    whether Defendant has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon it by Plaintiff and the Classes;

d.    whether Plaintiff and the Classes are entitled to equitable and/or injunctive relief;

e.    whether Defendant breached warranties to Plaintiff and the Classes;

f.    whether Plaintiff and the Classes have sustained damages with respect to the common-law claims asserted, and if so, the proper measure of their damages.

76.    Plaintiff's claims are typical of those of other Class Members because Plaintiff, like all members of the Classes, purchased Defendant's Products containing the same Defect, and suffering from the same representations and omissions, and Plaintiff sustained damages from Defendant's wrongful conduct.

77.    Plaintiff will fairly and adequately protect the interests of the classes and have retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests which conflict with those of the Classes.

78.    A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be

encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class Members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, making it impracticable for Class Members to individually seek redress for Defendant's wrongful conduct. Even if Class Members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

79.    The prerequisites to maintaining a class action for equitable relief are met as Defendant has acted or refused to act on grounds generally applicable to the classes, thereby making appropriate equitable relief with respect to the classes as a whole.

80.    The prosecution of separate actions by members of the classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not. Additionally, individual actions could be dispositive of the interests of the classes even where certain Class Members are not parties to such actions.

81.    For the purposes of this Complaint, the term "Class Members" refers to all members of the Class, including the Plaintiff.

82.    This action is maintainable as a class action under Federal Rule of Civil Procedure Rule 23.

**GOOD GUSTAFSON AUMAIS LLP**

83.     This Court should certify a class under Rule 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Class, by making illegal, unfair, misleading and deceptive representations and omissions regarding Products.

84.     This Court should certify a class under Rule 23(b)(3) because the common issues identified above predominate over any questions affecting individual members and a class is superior to other available methods to fairly and efficiently adjudicate the claims.

85.     **Notice to the Class.**  Plaintiff anticipates that this Court can direct notice to the Class, to be effectuated by publication in major media outlets and the Internet.

<u>**COUNT I**</u>

**Violation of State Consumer Protection Statutes**
(On Behalf of the Multi-State Consumer Class)

86.     Plaintiff repeats and realleges each and every allegation above as if set forth herein.

87.     The Consumer Protection Acts of the States in the Multi-State Consumer Class prohibit the use of unfair or deceptive business practices in the conduct of trade or commerce.

88.     Defendant intended that Plaintiff and the other members of the Multi-State Consumer Class would rely upon their deceptive conduct, and a reasonable person would in fact be misled by its deceptive conduct.

89.     As a result of the Defendant's use or employment of unfair or deceptive acts or business practices, Plaintiff, and other members of the Multi-State Consumer Class, have sustained damages in an amount to be proven at trial.

**COUNT II**

**Violation of California Business & Professions Code §§ 17200 *et seq.* –
Unlawful Conduct Prong of the UCL**

(On Behalf of the California Class)

90.     Plaintiff incorporates by reference all allegations contained in the complaint as if fully set forth herein.

91.     The acts, omissions, misrepresentations and practices of Defendant constitute "unlawful" business acts and practices under the California Business & Professions Code section 17200 ("UCL").

92.     Defendant's acts, omissions, misrepresentations and practices are "unlawful" because they violate the California False Advertising Law ("FAL"), the Magnuson-Moss Warranty Act ("MMWA") and the Consumer Legal Remedies Act ("CLRA").

93.     Defendant's representations and omissions that the Products are non-toxic and safe are false, deceptive, and likely to deceive the public.

94.     Defendant's representations and omissions concerning the ingredients in the Products is false, deceptive, and likely to deceive the public.

95.     Defendant's deceptive advertising caused Plaintiff and members of the Class to suffer injury in fact and to lose money or property, as it denied them the benefit of the bargain when they decided to make their purchases over other products that are less expensive and without the harmful and dangerous effects of the Products.

96.     In accordance with California Business & Professions Code section 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unfair acts and practices and to commence a corrective advertising campaign.

97.     Plaintiff also seeks an order for the disgorgement and restitution of all monies from the sale of the Products that were unjustly acquired through acts of unlawful, unfair and/or fraudulent competition.

GOOD GUSTAFSON AUMAIS LLP

### COUNT III

**Violation of California Business & Professions Code §§ 17200,** *et seq.* **–**
**Unfair and Fraudulent Conduct Prongs of the UCL**

(On Behalf of the California Class)

98.     Plaintiff incorporates by reference all the allegations of the preceding paragraphs.

99.     California Business & Professions Code section 17200 prohibits any unfair or fraudulent business act or practice.

100.     The false and misleading marketing, advertising, and labeling of the Products, as alleged herein, constitute unfair business acts and practices because such conduct is immoral, unscrupulous, and offends public policy.

101.     The acts, omissions, misrepresentations, practices, and non-disclosures constitute "fraudulent" business acts and practices, because Defendant's conduct is false and misleading to Plaintiff and Class Members.

102.     Further, the gravity of Defendant's conduct outweighs any conceivable benefit of such conduct.

103.     Defendant's advertising, communications, packaging, and marketing of the Products is likely to deceive Class Members about their contents and safety.

104.     Defendant either knew or reasonably should have known that the claims and statements in the advertising, marketing, and labeling were likely to deceive consumers.

105.     In accordance with California Business & Professions Code section 17203, Plaintiff  seeks an order enjoining Defendant from continuing to conduct business through unfair and/or fraudulent acts and practices and to commence a corrective advertising campaign.

106.     Plaintiff seeks an order for the disgorgement and restitution of all monies from the sale of the Products that were unjustly acquired through acts of unlawful, unfair and/or fraudulent competition.

GOOD GUSTAFSON AUMAIS LLP

## COUNT IV

### Violation of California Business & Professions Code §§ 17500, *et seq.* – False and Misleading Advertising

(On Behalf of the California Class)

107.    Plaintiff incorporates by reference all preceding paragraphs.

108.    California False Advertising Law (Cal. Business & Professions Code sections 17500 and 17508) prohibits "mak[ing] any false or misleading advertising claim."

109.    Defendant, in its advertising, marketing, and labeling of the Products, makes false and misleading advertising claims as it deceives consumers as to their safety.

110.    In reliance on these false and misleading advertising claims, Plaintiff and members of the Nationwide Class purchased and used the Products without the knowledge they contained toxins that caused, or greatly increased the risk of, serious injury or death, to users of the Products.

111.    Defendant knew or should have known that its labeling, advertising, and marketing was likely to deceive consumers.

112.    As a result, Plaintiff and the Class are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

## COUNT V

### Violation of California's Consumers Legal Remedies Act
### CAL. CIV. CODE § 1750 et seq.

(Seeking Injunctive Relief Only)

(On Behalf of the California Class)

113.    Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

114. Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

115. This claim seeks injunctive relief only, pursuant to California Civil Code section 1782(d).

116. Defendant's actions, representations, and conduct have violated, and continue to violate, the CLRA because they extend to transactions that are intended to result, or that have resulted, in the sale of goods to consumers.

117. Plaintiff and the California Class members are "consumers" as the CLRA defines that term in California Civil Code section 1761(d).

118. Defendant sold the Products, which are "goods" within the meaning of California Civil Code section 1761(a), to Plaintiff and the California Class members.

119. Defendant's policies, acts, and practices were designed to, and did, result in Plaintiff and the California Class members' purchase and use of the Products primarily for personal, family, or household purposes, and violated and continue to violate the following sections of the California Civil Code section 1770:

  a. section 1770(a)(5), which prohibits representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

  b. section 1770(a)(7), which prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

  c. section 1770(a)(9), which prohibits advertising goods or services with intent not to sell them as advertised; and

  d. section 1770(a)(16), which prohibits representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

120. Defendant's advertising, labeling, and marketing of the Products are likely to deceive reasonable consumers, including Plaintiff and the California Class

GOOD GUSTAFSON AUMAIS LLP

members. Defendant's representations and omissions that the Products are adequate and safe are false and likely to deceive the public, as is Defendant's failure to mention the numerous adverse events related to their usage.

121.    Plaintiff and the California Class members would not have purchased the Products absent Defendant's misleading and deceptive marketing campaign and labeling regarding the safety of the Products.

122.    Defendant knew or should have known that its Products' advertising, labeling, and marketing were likely to deceive reasonable consumers regarding the safety of the Products.

123.    Defendant's deceptive representations and omissions about the Products caused Plaintiff and the members of the California Class to suffer injury in fact and to lose money or property, as it denied them the benefit of the bargain when they decided to make their Product purchases over other products that are less expensive and without the harmful and dangerous contents of the Products.

124.    Plaintiff and the California Class members request that this Court enjoin Defendant from continuing to employ the unlawful methods, acts, and practices alleged herein pursuant to California Civil Code section 1780(a)(2). If Defendant is not restrained from engaging in these types of practices in the future, Plaintiff and the California Class members will be harmed in that they will continue to be unable to rely on Defendant's deceptive representations and omissions regarding the contents and safety of the Products.

<u>**COUNT VI**</u>

**Breach of Implied Warranty**

(On Behalf of the Nationwide Class)

125.    Plaintiff incorporates by reference and re-allege herein all paragraphs alleged above.

126.    Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

127.    Defendant, as the manufacturer, marketer, distributor, and/or seller of the Products, impliedly warranted that the Products (i) would not contain toxins and (ii) was generally safe for consumer use.

128.    Defendant breached the warranty implied in the contract for the sale of the defective Products because it could not pass without objection in the trade under the contract description, the Products were not of fair or average quality within the description, and the Products were unfit for its intended and ordinary purpose because the Products were defective in that it contained ingredients that made the Products unreasonably dangerous, and as such is not generally recognized as safe for consumer use. As a result, Plaintiff and Class Members did not receive the goods as impliedly warranted by Defendant to be merchantable.

129.    Defendant was on notice of the presence of toxins because it has exclusive knowledge of the Products' contents.

130.    Additionally, Plaintiff sent notice of these breaches to the retailer.

131.    Plaintiff and Class Members purchased the Products in reliance upon Defendant's skill and judgment and the implied warranties of fitness for the purpose.

132.    The Products were not altered by Plaintiff or Class Members.

133.    The Products were nonconforming and defective when they left the exclusive control of Defendant.

134.    Defendant knew that the Products would be purchased and used without additional testing by Plaintiff and Class Members.

135.    The Products contained dangerous, undisclosed ingredients and were unfit for their intended purpose, and Plaintiff and Class Members did not receive the goods as warranted.

136.    Privity is not required as to Defendant because the Products contained a dangerous toxin. As the known end purchaser, Plaintiff is also a third-party beneficiary of the implied warranty of merchantability.

GOOD GUSTAFSON AUMAIS LLP

137.    Defendant's attempts to disclaim or limit the implied warranty of merchantability vis-à-vis consumers are unconscionable and unenforceable. Specifically, Defendant's warranty limitations are unenforceable because Defendant knowingly sold a defective product without informing consumers about the toxins.

138.    A gross disparity in bargaining power existed between Defendant and Class Members, as only Defendant knew or should have known that the Products contained toxins at the time of sale and that the devices were not of merchantable quality.

139.    As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and Class Members have been injured and harmed because: (a) they would not have purchased the Products on the same terms if they knew that the Products contained the toxins, making it unsafe for consumer use; and (b) the Products do not have the characteristics, uses, or benefits as promised by Defendant.

<u>**COUNT VII**</u>

**Violation Of The Magnuson-Moss Warranty Act,**

**15 U.S.C. §§ 2301, *et seq*.**

(On Behalf of the Nationwide Class)

140.    Plaintiff incorporates by reference and re-allege herein all paragraphs alleged above.

141.    Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

142.    The Products are consumer products as defined in 15 U.S.C. § 2301.

143.    Plaintiff and the Class Members are consumers as defined in 15 U.S.C. § 2301.

144.    Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301.

145.    In connection with the marketing and sale of the Products, Defendant impliedly warranted that the Products was fit for use. The Products were not fit for use due to the presence of toxic substances described in the allegations above.

GOOD GUSTAFSON AUMAIS LLP

146. By reason of Defendant's breach of warranties, Defendant violated the statutory rights due to Plaintiff and the Class Members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, thereby damaging Plaintiff and the Class Members.

147. Plaintiff and the Class Members were injured as a direct and proximate result of Defendant's breach because they would not have purchased the Products if they knew the truth about the toxic nature of the Products.

148. Despite notice by Plaintiff and the Class Members to Defendant of the toxic nature of the Products, Defendant did not replace or repair the defective Products. Instead, the costs of the defects were borne by consumers.

149. As a direct and proximate result of Defendant's breach of implied warranties pursuant to 15 U.S.C. § 2310(d)(1), Plaintiff and Class Members have suffered damages in an amount to be proven at trial.

150. The amount in controversy for the Plaintiff's and Class Members' individual claims meets or exceeds the sum of $25. The total amount in controversy of this action in sum exceeds $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit.

151. Plaintiff and Class Members are entitled to recover damages as a result of Defendant's breach of warranties.

152. Plaintiff and Class Members are also entitled to seek costs and expenses, including attorneys' fees, under the MMWA. 15 U.S.C. § 2310(d)(2).

## COUNT VIII

### Unjust Enrichment

(On Behalf of the Nationwide Class)

153. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

GOOD GUSTAFSON AUMAIS LLP

154. Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

155. "Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences. In all states, the focus of an unjust enrichment claim is whether the defendant was unjustly enriched. At the core of each state's law are two fundamental elements—the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff. The focus of the inquiry is the same in each state." *In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 58 (D.N.J. Apr. 24, 2009) (quoting *Powers v. Lycoming Engines*, 245 F.R.D. 226, 231 (E.D. Pa. 2007)).

156. At all times relevant hereto, Defendant deceptively marketed, advertised, and sold merchandise to Plaintiff and the Classes.

157. The Products purchased by Plaintiff and the Class Members did not provide the promised performance and instead contained toxic substances.

158. Plaintiff and Class Members conferred a benefit on Defendant by purchasing the Products and by paying a price premium for them.

159. Defendant has knowledge of such benefits.

160. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class Members' purchases of the Product, which retention under these circumstances is unjust and inequitable because Defendant misrepresented that the Product (i) would not contain toxic substances and (ii) is generally recognized as safe. This misrepresentation caused injuries to Plaintiff and Class Members because they would not have purchased the Products if the true facts regarding the Products were known.

161. Because Defendant's retention of the non-gratuitous benefit conferred on it by Plaintiff and Class Members is unjust and inequitable, Defendant must pay

restitution to Plaintiff and the Class Members for their unjust enrichment, as ordered by the Court.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of themselves and other members of the proposed Class herein, prays for judgment and relief on all of the legal claims as follows:

A.    Certification of the Class, certifying Plaintiff as representatives of the Class, and designating Plaintiff's counsel for the Class;

B.    A declaration that Defendant has committed the violations alleged herein;

C.    A declaration that Defendant has committed that Defendant's actions are fraudulent, deceptive, and misleading as alleged herein;

D.    For restitution and disgorgement pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq.* and Cal Civ. Code § 1780;

E.    For declaratory and injunctive relief pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq.* and 17500, *et seq.*;

F.    An award of compensatory damages, the amount of which is to be determined at trial;

G.    For punitive damages;

H.    For interest at the legal rate on the foregoing sums;

I.    For statutory damages;

J.    For attorneys' fees;

K.    For costs of suit incurred; and

L.    For such further relief as this Court may deem just and proper.

### **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all causes of action so triable.

GOOD GUSTAFSON AUMAIS LLP

GOOD GUSTAFSON AUMAIS LLP

Dated: November 22, 2022

**Good Gustafson Aumais LLP**

*/s/ J. Ryan Gustafson*
J. Ryan Gustafson (Cal. Bar No. 220802)
2330 Westwood Blvd., No. 103
Los Angeles, CA 90064
Tel: (310) 274-4663
jrg@ggallp.com

**SHENAQ PC**
Amir Shenaq, Esq.*
3500 Lenox Road, Ste. 1500
Atlanta, GA 30326
Tel:  (888) 909-9993
amir@shenaqpc.com

**THE KEETON FIRM LLC**
Steffan T. Keeton, Esq.*
100 S Commons Ste 102
Pittsburgh PA 15212
Tel: (888) 412-5291
stkeeton@keetonfirm.com

*Pro hac vice forthcoming*

*Counsel for Plaintiff and the Proposed Classes*

# EXHIBIT A

The safety notice from The Laundress covers products listed in the table below with the following lot codes:

- 9-digit code starting with a letter: Last four digits are in the range of 1001-2259
- 9-digit code starting with a number: First five digits are in the range of 21001-22259

| Item Description | UPC | Size / Contents |
|---|---|---|
| Number 10 Detergent Packet | None | 0.5 fl oz |
| Fabric Conditioner Baby Packet | 857060005229 | 0.5 fl oz |
| Baby Detergent Packet | 857060005205 | 0.5 fl oz |
| All Purpose Bleach Alternative Packet | None | 0.5 fl oz |
| Fabric Conditioner Classic Paquette | 857060005236 | 0.5 fl oz |
| Delicate Lady Wash Packet | None | 0.5 fl oz |
| Denim Wash Packet | 857060005212 | 0.5 fl oz |
| Le Labo Rose 31 Packet | 857060005304 | 0.5 fl oz |
| Le Labo Santal 33 Packet | 857060005298 | 0.5 fl oz |
| Signature Detergent Classic Packet | 857060005168 | 0.5 fl oz |
| Sport Detergent Packet | 857060005274 | 0.5 fl oz |
| Stain Solution Packet | 857060005175 | 0.5 fl oz |
| Wool & Cashmere Packet | 857060005199 | 0.5 fl oz |
| #723 Detergent 2 oz | 858114008869 | 2 fl oz |
| Artisan Detergent 2 oz | 858114008883 | 2 fl oz |
| John Mayer Way Out West 2 fl oz | 858114008760 | 2 fl oz |
| Kith Signature Detergent 2oz | None | 2 fl oz |
| Baby Detergent 2 oz | 859675001238 | 2 fl oz |
| Fabric Conditioner Baby 2 fl oz | None | 2 fl oz |
| Wool & Cashmere Shampoo 2 fl oz | 859675001252 | 2 fl oz |
| All Purpose Cleaning Concentrate  2oz | 858114008777 | 2 fl oz |
| Isle Detergent 2 fl oz | 858114008814 | 2 fl oz |
| Delicate Lady Wash 2 fl oz | 859675001245 | 2 fl oz |
| Signature Detergent Classic 2 fl oz | 858114008357 | 2 fl oz |
| Number 10 Detergent 2 oz | 858114008876 | 2 fl oz |
| Stain Solution 2 fl oz | 859675001320 | 2 fl oz |
| Denim Wash 2 fl oz | 859675001955 | 2 fl oz |
| Sport Detergent 2oz | 857060005052 | 2 fl oz |
| John Mayer Out West Detergent 2 fl oz | None | 2 fl oz |
| Le Labo Rose Signature Detergent 2 fl oz | 850041104096 | 2 fl oz |
| #723 Detergent 8 fl oz | 858114008418 | 8 fl oz |
| Artisan Detergent 8 oz | 858114008654 | 8 fl oz |
| Wool & Cashmere Shampoo 8 fl oz | 858114008708 | 8 fl oz |
| Surface Cleaner 8 fl oz | 858114008951 | 8 fl oz |
| Dish Detergent 8 fl oz | 858114008982 | 8 fl oz |
| Glass & Mirror Cleaner 8 fl oz | 858114008968 | 8 fl oz |
| Delicate Lady Wash 8 fl oz | 858114008692 | 8 fl oz |
| Signature Detergent Classic 8 fl oz | 858114008678 | 8 fl oz |
| Stain Solution 8 fl oz | 858114008685 | 8 fl oz |
| #723 Fabric Conditioner 16 fl oz | 858114008531 | 16 fl oz |
| Wool & Cashmere Shampoo 16 fl oz | 859675001054 | 16 fl oz |
| Glass & Mirror Cleaner 16 fl oz | 859675001207 | 16 fl oz |
| Summer Fridays Detergent 16oz | 850041104065 | 16 fl oz |
| Fresh Wash Signature Detergent 32 fl oz | 857060005922 | 32 fl oz |

| | | |
|---|---|---|
| Baby Detergent 32 fl oz | 859675001030 | 32 fl oz |
| Unscented Baby Detergent 32 oz | 859675001665 | 32 fl oz |
| Baby Detergent Unscented 32 fl oz | 857060005076 | 32 fl oz |
| Isle Detergent 32 fl oz | 857060005922 | 32 fl oz |
| Unscented/Fragrance-Free Detergent 32 fl oz | 858114008838 | 32 fl oz |
| Signature Detergent Classic 32oz | 859675001009 | 32 fl oz |
| Whites Detergent 32 fl oz | 859675001016 | 32 fl oz |
| Darks Detergent 32 fl oz | 859675001023 | 32 fl oz |
| Surface Cleaner - Flexpack 64 oz. | 858114008517 | 64 fl oz |
| Dish Detergent - Flexpack 64 oz. | 858114008500 | 64 fl oz |
| Signature Detergent Classic- Flexpack 64 oz. | 858114008487 | 64 fl oz |
| Sport Detergent Flexpack 64 oz. | 858114008494 | 64 fl oz |
| Baby Detergent Gallon | 857060005953 | 128 fl oz |
| Signature Detergent Classic Gallon | 857060005960 | 128 fl oz |
| #723 Detergent 16 fl oz | 858114008401 | 16 fl oz |
| Fresh Wash Fabric Conditioner 16 fl oz | 857060005939 | 16 fl oz |
| Artisan Detergent 16 oz | 858114008623 | 16 fl oz |
| Fabric Conditioner Baby 16 fl oz | 859675001597 | 16 fl oz |
| Aromatherapy Associates Deep Relax Signature Detergent 16 fl oz | 642498015014 | 16 fl oz |
| Aromatherapy Associates Forest Therapy Signature Detergent 16 fl oz | 642498015007 | 16 fl oz |
| Surface Cleaner 16 fl oz | 859675001719 | 16 fl oz |
| All Purpose Cleaning Concentrate 16 fl oz | 859675001689 | 16 fl oz |
| Dish Detergent 16 fl oz | 859675001887 | 16 fl oz |
| John Mayer Out West Detergent 16 fl oz | 857060005632 | 16 fl oz |
| John Mayer Way Out West  Detergent 16 fl oz | 858114008746 | 16 fl oz |
| Kith Signature Detergent 16 fl oz | 858114008920 | 16 fl oz |
| Delicate Lady Wash 16 fl oz | 859675001047 | 16 fl oz |
| Le Labo Rose Signature Detergent 16 fl oz | 859675001696 | 16 fl oz |
| Le Labo Santal Signature Detergent 16 fl oz | 859675001986 | 16 fl oz |
| Unscented/Fragrance-Free Detergent 16 fl oz | 859675001504 | 16 fl oz |
| Jenni Kayne Signature Detergent 16 fl oz | None | 16 fl oz |
| Number 10 Detergent 16 fl oz | 857060005045 | 16 fl oz |
| Number 10 Fabric Conditioner 16 fl oz | 857060005038 | 16 fl oz |
| Fabric Conditioner Classic 16 fl oz | 859675001061 | 16 fl oz |
| Denim Wash 16 fl oz | 859675001580 | 16 fl oz |
| Stain Solution 16 fl oz | 859675001603 | 16 fl oz |
| Sport Detergent 16 fl oz | 859675001917 | 16 fl oz |
| Aromatherapy Associates Support Breathe Surface Cleaner 16 fl oz | 642498015021 | 16 fl oz |
| Aromatherapy Associates Support Breathe Dish Detergent 16 fl oz | 642498015038 | 16 fl oz |
| Summer Fridays Detergent 16oz | 850041104065 | 16 fl oz |
| The Laundress & Peruvian Connection Luxury Fibre Wash 16 oz | None | 16 fl oz |
| The Laundress & Peruvian Connection Luxury Fibre Wash 2 oz | None | 2 fl oz |
| *Kits and Bundles that contain the impacted products above:* | | |
| All Purpose Bleach Alternative & Cleaning Concentrate Duo | None | All Purpose Bleach Alternative 32 fl oz, All Purpose Cleaning Concentrate 16 fl oz |
| Ultimate Stain Solving Kit | None | All Purpose Bleach Alternative 32 fl oz, Stain Solution 16 fl oz |

| Stain Removal Essentials | None | All Purpose Bleach Alternative 32 fl oz, Stain Solution 16 fl oz, Stain Brush, Wash & Stain Bar |
|---|---|---|
| John Mayer Out West Detergent and Fabric Fresh Boxed Gift Set | None | All Purpose Bleach Alternative 32 fl oz, Stain Solution 16 fl oz, Wash & Stain Bar, Stain Brush |
| Home Cleaning Best Seller Kit | None | All Purpose Bleach Alternative 32 fl oz, Surface Cleaner 16 fl oz, Glass & Mirror Cleaner 16 fl oz, Scented Vinegar 16 fl oz |
| All Purpose Cleaning Concentrate Duo | 859675001689 | All Purpose Cleaning Concentrate 16 fl oz x2 |
| All Purpose Cleaning Concentrate Bulk (6 units) | 859675001689 | All Purpose Cleaning Concentrate 16 fl oz x6 |
| All Purpose Cleaning Concentrate 16 fl oz with Glass Bottle | None | All Purpose Cleaning Concentrate 16 fl oz, Glass Spray Bottle |
| Spring Cleaning Bundle | None | All Purpose Cleaning Concentrate 16 fl oz, Scented Vinegar 16 fl oz, All Purpose Bleach Alternative 32 fl oz, Signature Detergent 32 fl oz, Stain Solution 16 fl oz, Stain Brush |
| Aromatherapy Associates Deep Relax & Forest Therapy Boxed Gift Set | None | Aromatherapy Associates Deep Relax Detergent 16 fl oz, Aromatherapy Associates Forest Therapy Detergent 16 fl oz |
| Aromatherapy Associates Full Collection | None | Aromatherapy Associates Forest Therapy Detergent 16 fl oz, Deep Relax Detergent 16 fl oz, Support Breathe Dish Detergent 16 fl oz, Support Breathe Surface Cleaner 16 fl oz |
| Aromatherapy Associates Support Breathe Surface Cleaner & Dish Detergent Duo | None | Aromatherapy Associates Support Breathe Surface Cleaner 16 fl oz, Aromatherapy Associates Support Breathe Dish Detergent 16 fl oz |
| Artisan Detergent and Candle Boxed Gift Set | None | Artisan Detergent 16 fl oz, Artisan Candle |
| Baby Detergent Duo | 859675001030 | Baby Detergent 32 fl oz x2 |
| Baby Detergent 32 fl oz Bulk (6 Units) | 859675001030 | Baby Detergent 32 fl oz x6 |
| Baby Detergent & Fabric Conditioner Duo | None | Baby Detergent 32 fl oz, Baby Fabric Conditioner 16 fl oz |
| New Parent Kit | None | Baby Detergent 32 fl oz, Baby Fabric Conditioner 16 fl oz, Baby Fabric Fresh 4 fl oz, All Purpose Bleach Alternative 32 fl oz, Stain Solution 16 fl oz |
| Baby Detergent & Fabric Fresh Duo | None | Baby Detergent 32 fl oz, Baby Fabric Fresh 4 fl oz |
| Fabric Conditioner Baby Duo | 859675001597 | Baby Fabric Conditioner 16 fl oz x2 |
| Fabric Conditioner- Baby Bulk (6 Units) | 859675001597 | Baby Fabric Conditioner 16 fl oz x6 |
| On the Spot Holiday Edition | None | Classic Fabric Fresh 2 fl oz, Crease Release 2 fl oz, Static Solution 2 fl oz, Holiday Wash & Stain Bar, Stain Solution 2 fl oz, Gift Bag |
| On The Spot Kit | 859675001542 | Classic Fabric Fresh 2 fl oz, Crease Release 2 fl oz, Static Solution 2 fl oz, Wash & Stain Bar, Stain Solution Packet 2 fl oz, Stain Solution Packet 2 fl oz |
| Denim Wash & Fabric Fresh Classic Duo | None | Classic Fabric Fresh 8 fl oz, Denim Wash 16 fl oz |
| Darks Detergent Duo | 859675001023 | Darks Detergent 32 fl oz x2 |
| Darks Detergent Bulk (6 Units) | 859675001023 | Darks Detergent 32 fl oz x6 |
| Darks Detergent & Fabric Fresh Duo | None | Darks Detergent 32 fl oz, Classic Fabric Fresh 8 fl oz |
| Darks Detergent & Fabric Conditioner Duo | None | Darks Detergent 32 fl oz, Fabric Conditioner Classic 16 fl oz |
| Delicate Kit Holiday Edition | None | Delicate Spray 4 fl oz, Delicate Wash 16 fl oz, Mesh Bag Bundle, Holiday Wash & Stain Bar |
| Delicate Wash Duo | 859675001047 | Delicate Wash 16 fl oz x2 |
| Delicate Wash Bulk (6 Units) | 859675001047 | Delicate Wash 16 fl oz x6 |
| Delicate Wash & Spray Duo | None | Delicate Wash 16 fl oz, Delicate Spray 4 fl oz |
| Delicate Kit | None | Delicate Wash 16 fl oz, Delicate Spray 4 fl oz, Wash & Stain Bar, Mesh Bag Bundle |
| Delicate Wash & Mesh Washing Bag Duo | None | Delicate Wash 16 fl oz, Mesh Bag Bundle |
| Clean Clutch | None | Delicate Wash 2 fl oz, Stain Solution 2 fl oz, Classic Fabric Fresh 2 fl oz, Crease Release 2 fl oz |
| Denim Wash Bulk (6 Units) | 859675001580 | Denim Wash 16 fl oz x6 |
| Denim Kit | None | Denim Wash 16 fl oz, Classic Fabric Fresh 8 fl oz, Stain Solution 16 fl oz, Mesh Bag Bundle |
| Denim Gift Bag | None | Denim Wash 16 fl oz, Stain Solution 16 fl oz, Classic Fabric Fresh 8 fl oz, Gift Bag |
| Dish Detergent Bulk (6 Units) | 859675001887 | Dish Detergent 16 fl oz x6 |
| Dish Detergent Duo | 859675001887 | Dish Detergent 16 fl oz, Dish Detergent 16 fl oz |
| Kitchen Clean Duo | None | Dish Detergent 16 fl oz, Kitchen Soap Bar |

| | | |
|---|---|---|
| Dish Detergent Flex Pack with 16 oz Glass Pump | None | Dish Detergent Flex Pack 64 fl oz, Glass Pump Bottle |
| Fabric Conditioner Classic Duo | 859675001061 | Fabric Conditioner Classic 16 fl oz x2 |
| Fabric Conditioner Bulk (6 units) | 859675001061 | Fabric Conditioner Classic 16 fl oz x6 |
| Scent Discovery Kit | None | Gift Bag, Artisan Detergent 2 fl oz, Isle Detergent 2 fl oz, Signature Detergent 2 fl oz, No. 723 Detergent 2 fl oz, No. 10 Detergent 2 fl oz, Baby Detergent 2 fl oz |
| Glass and Mirror Cleaner Duo | 859675001207 | Glass & Mirror Cleaner 16 fl oz x2 |
| Glass & Mirror Cleaner 16 fl oz Bulk (6 units) | 859675001207 | Glass & Mirror Cleaner 16 fl oz x6 |
| Holiday Make Messes | None | Holiday Wash & Stain Bar, All Purpose Bleach Alternative 32 fl oz, Stain Brush, Stain Solution 16 fl oz |
| Mini Dry Clean Kit with Holiday Bar | None | Holiday Wash & Stain Bar, Classic Fabric Fresh 2 fl oz, Stain Solution 2 fl oz, Wool & Cashmere Shampoo 2 fl oz, Delicate Wash 2 fl oz, Gift Bag |
| Dry Cleaning Detox Kit Holiday Edition | None | Holiday Wash & Stain Bar, Mesh Bag Bundle, Wool & Cashmere Shampoo 16 fl oz, Delicate Wash 16 fl oz |
| Travel Pack | 859675001337 | Hotel Laundry Bag, Crease Release 2 fl oz, Classic Fabric Fresh 2 fl oz, Delicate Wash 2 fl oz, Stain Solution 2 fl oz, Gift Bag |
| Isle Signature Detergent 32 oz | 857060005922 | Isle Detergent 32 fl oz x6 |
| Isle Signature Detergent and Fabric Fresh | None | Isle Detergent 32 fl oz, Isle Fabric Fresh 8 fl oz |
| John Mayer Out West Detergent and Fabric Fresh Duo | None | John Mayer Out West Fabric Fresh 8 fl oz, John Mayer Out West Deteregent 16 fl oz |
| John Mayer Way Out West Detergent and Fabric Fresh Duo | None | John Mayer Way Out West Deteregent 16 fl oz, John Mayer Way Out West Fabric Fresh 8 fl oz |
| Le Labo Rose and Le Labo Santal Duo | None | Le Labo Rose Detergent 16 fl oz, Le Labo Santal Detergent 16 fl oz |
| Gift Set Le Labo Rose and Le Labo Santal | None | Le Labo Santal Detergent 16 fl oz, Le Labo Rose Detergent 16 fl oz |
| Spotless Kit | None | Lint-Free Cleaning Cloths, Surface Cleaner 16 fl oz, Scented Vinegar 16 fl oz |
| Dry Cleaning Detox Kit | None | Mesh Bag Bundle, Wool & Cashmere Shampoo 16 fl oz, Delicate Wash 16 fl oz, Wash & Stain Bar |
| Number 10 Gift Set Detergent and Conditioner Duo | None | No. 10 Detergent 16 fl oz, No. 10 Fabric Conditioner 16 fl oz |
| Number 10 Detergent and Conditioner Boxed Gift Set | None | No. 10 Detergent 16 fl oz, No. 10 Fabric Conditioner 16 fl oz |
| Number 10 Kit | None | No. 10 Fabric Fresh 8 fl oz, No. 10 Fabric Conditioner 16 fl oz, No. 10 Detergent 16 fl oz |
| 723 Detergent Bulk (6 units) | 858114008401 | No. 723 Detergent 16 fl oz x6 |
| 723 Detergent and Conditioner Duo | None | No. 723 Detergent 16 fl oz, No. 723 Fabric Conditioner 16 fl oz |
| 723 Gift Set Detergent and Conditioner Boxed Gift Set | None | No. 723 Detergent 16 fl oz, No. 723 Fabric Conditioner 16 fl oz |
| 723 Collection | None | No. 723 Detergent 16 fl oz, No. 723 Fabric Conditioner 16 fl oz, No. 723 Fabric Fresh 8 fl oz |
| 723 Gift Set Detergent and Fabric Fresh Boxed Gift Set | None | No. 723 Detergent 16 fl oz, No. 723 Fabric Fresh 8 fl oz |
| Scented Vinegar & Dish Detergent Duo | None | Scented Vinegar 16 fl oz, Dish Detergent 16 fl oz |
| Pet Mess Kit | None | Scented Vinegar 16 fl oz, Stain Brush, Stain Solution 16 fl oz |
| Home Cleaning Starter Kit | None | Scented Vinegar 8 fl oz, Surface Cleaner 8 fl oz, Dish Detergent 8 fl oz, Glass & Mirror Cleaner 8 fl oz |
| Home Cleaning Starter Kit - Holiday 2022 | 850041104188 | Scented Vinegar 8 fl oz, Surface Cleaner 8 fl oz, Dish Detergent 8 fl oz, Glass & Mirror Cleaner 8 fl oz |
| Signature Detergent Duo | 859675001009 | Signature Detergent 32 fl oz x2 |
| Signature Detergent 32 fl oz Bulk (6 Units) | 859675001009 | Signature Detergent 32 fl oz x6 |
| Clean Break Kit | None | Signature Detergent 32 fl oz, All Purpose Bleach Alternative 32 fl oz, Surface Cleaner 16 fl oz, Scented Vinegar 16 fl oz |
| Best Sellers Kit | None | Signature Detergent 32 fl oz, Delicate Wash 16 fl oz, Sport Detergent 16 fl oz, Wool & Cashmere Shampoo 16 fl oz |
| Signature Detergent & Fabric Conditioner Duo | None | Signature Detergent 32 fl oz, Fabric Conditioner Classic 16 fl oz |
| Everyday Laundry Kit | None | Signature Detergent 32 fl oz, Stain Solution 16 fl oz, All Purpose Bleach Alternative 32 fl oz, Classic Fabric Fresh 8 fl oz, Stain Brush |

| The Pit Kit | None | Signature Detergent 32 fl oz, Stain Solution 16 fl oz, All Purpose Bleach Alternative 32 fl oz, Stain Brush |
|---|---|---|
| Holiday Gift Kit 2022 | 850041104157 | Signature Detergent 8 fl oz, Stain Solution 2 fl oz, Delicate Wash 2 fl oz, Wool & Cashmere Shampoo 2 fl oz |
| Signature Detergent Flex Pack with 32 oz Signature | None | Signature Detergent Flex Pack 64 fl oz, Signature Detergent 32 fl oz |
| Sport Detergent Duo | 859675001917 | Sport Detergent 16 fl oz x2 |
| Sport Detergent 16 oz Bulk (6 units) | 859675001917 | Sport Detergent 16 fl oz x6 |
| Sport Detergent & Spray Duo | None | Sport Detergent 16 fl oz, Sport Spray 4 fl oz |
| Sport Kit | None | Sport Detergent 16 fl oz, Sport Spray 4 fl oz, Mesh Bag Bundle, Wash & Stain Bar |
| Sport Detergent Refill Duo | None | Sport Detergent Flex Pack 64 fl oz, Sport Detergent 16 fl oz |
| The Skimm Laundry Bundle | None | Stain Brush, Signature Detergent 32 fl oz, Fabric Conditioner Classic 16 fl oz, Stain Solution 16 fl oz |
| Stain Solution Duo | 859675001603 | Stain Solution 16 fl oz x2 |
| Stain Solution Bulk (6 units) | 859675001603 | Stain Solution 16 fl oz x6 |
| Today Show Bundle 2020 | None | Stain Solution 16 fl oz, Sport Detergent 16 fl oz, Wool & Cashmere Shampoo 16 fl oz, Delicate Wash 16 fl oz |
| Clean Collar Duo | None | Stain Solution 16 fl oz, Wash & Stain Bar |
| Make Messes Kit | None | Stain Solution 16 fl oz, Wash & Stain Bar, All Purpose Bleach Alternative 32 fl oz |
| Winter Travel Trio | None | Stain Solution 2 fl oz, Wool & Cashmere Shampoo 2 fl oz, Signature Detergent 2 fl oz |
| Surface Cleaner Duo | 859675001719 | Surface Cleaner 16 fl oz x2 |
| Surface Cleaner Bulk (6 units) | 859675001719 | Surface Cleaner 16 fl oz x6 |
| Little Laundress Kit | None | Surface Cleaner 16 fl oz, Glass & Mirror Cleaner 16 fl oz, Dish Detergent 16 fl oz, Scented Vinegar 16 fl oz |
| Surface Cleaner Flex Pack with 16 oz Glass Bottle | None | Surface Cleaner Flex Pack 64 fl oz, Glass Spray Bottle |
| Unscented/Fragrance-Free Detergent 16 fl oz Bulk (6 units) | 859675001504 | Unscented/Fragrance-Free Detergent 16 fl oz x6 |
| Unscented/Fragrance-Free Detergent 32 oz Bulk (6 units) | 858114008838 | Unscented/Fragrance-Free Detergent 32 fl oz x6 |
| Dry Clean On-The-Go Kit | None | Wash & Stain Bar, Classic Fabric Fresh 2 fl oz, Stain Solution 2 fl oz, Wool & Cashmere Shampoo 2 fl oz, Delicate Wash 2 fl oz, Gift Bag |
| Laundry Essentials Pack | None | Wash & Stain Bar, Delicate Wash 2 fl oz, Classic Fabric Fresh 2 fl oz, Wool & Cashmere Shampoo 2 fl oz, Stain Solution 2 fl oz, Gift Bag |
| The Laundress Welcome Kit | None | Wash & Stain Bar, Signature Detergent 2 fl oz, Classic Fabric Fresh 2 fl oz, Crease Release 2 fl oz |
| Whites Detergent Duo | 859675001016 | Whites Detergent 32 fl oz x2 |
| Whites Detergent 32 fl oz Bulk (6 units) | 859675001016 | Whites Detergent 32 fl oz x6 |
| Brighten Up Duo | None | Whites Detergent 32 fl oz, All Purpose Bleach Alternative 32 fl oz |
| Whites and Darks Duo | None | Whites Detergent 32 fl oz, Darks Detergent 32 fl oz |
| Seasonal Whites Detergent and Fabric Conditioner Duo | None | Whites Detergent 32 fl oz, Fabric Conditioner Classic 16 fl oz |
| Wool & Cashmere Shampoo 16 fl oz Bulk (6 units) | 859675001054 | Wool & Cashmere Shampoo 16 fl oz x6 |
| Wool and Cashmere Kit | None | Wool & Cashmere Shampoo 16 fl oz, Stain Solution 16 fl oz, Wool & Cashmere Spray 4 fl oz, Sweater Comb |
| Wool & Cashmere Shampoo & Wool & Cashmere Spray Duo | None | Wool & Cashmere Shampoo 16 fl oz, Wool & Cashmere Spray 4 fl oz |
| Wool and Cashmere Kit | None | Wool & Cashmere Shampoo 16 fl oz, Wool & Cashmere Spray 4 fl oz, Mesh Bag Bundle |
| The Laundress Starter Kit | None | Wool & Cashmere Shampoo 8 fl oz, Delicate Wash 8 fl oz, Signature Detergent 8 fl oz, Stain Solution 8 fl oz |
| Laundry Starter Kit - Holiday 2022 | 850041104195 | Wool & Cashmere Shampoo 8 fl oz, Delicate Wash 8 fl oz, Signature Detergent 8 fl oz, Stain Solution 8 fl oz |