UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Laundress Marketing and Product Liability Litigation<br><br><br><br><br><br>*This Document Relates To:*<br>*All Cases* | Case No.: 1:22-cv-10667-JMF |

# ~~[PROPOSED]~~ AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

The Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2. The parties have conferred pursuant to Fed. R. Civ. P. 26(f).

3. Settlement discussions have taken place.

4. [Left Intentionally Blank]

5. Amended pleadings may not be filed and additional parties may not be joined except with leave of Court. For *Ostenfeld, Sites*, *Safran*, and *Nixon* there shall be no further amended pleadings. For *Wyatt, McGowan*, and *Jenkins* any motion to amend or to join additional parties shall be filed no later than February 28, 2025.

6. For *Wyatt, McGowan,* and *Jenkins*, initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than March 7, 2025. Initial disclosures are not intended to take the place of formal discovery conducted under the Rules of Procedure.

7. For *Wyatt, McGowan,* and *Jenkins*, plaintiffs alleging personal injuries shall provide HIPAA-compliant medical records release authorizations to the Defendants no later than March 7, 2025. No later than the same date, such Plaintiffs shall provide a comprehensive list as reasonably possible of their medical providers to Defendants, subject to the duty to supplement or correct as the case may be.

8. Discovery:

   a. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

   b. All fact discovery shall be completed no later than July 11, 2025.

   c. [Left Intentionally Blank]

   d. All expert discovery, including reports, production of underlying documents, and depositions, as well as class certification and *Daubert* motion briefing, shall be completed in accordance with the following schedule:

      i. The deadline for *Ostenfeld* Plaintiffs to file a motion for class certification and all Plaintiffs to serve expert reports is August 29, 2025.

      ii. The deadline to complete depositions of Plaintiffs' expert(s) is October 15, 2025.

      iii. The deadline for Defendants to file opposition to motion for class certification, serve expert reports, and file any *Daubert* motion (on a consolidated basis as to any/all experts) is November 17, 2025.

      iv. The deadline to complete depositions of Defendants' expert(s) is January 5, 2026.

      v. The deadline for *Ostenfeld* Plaintiffs to file any reply in support of motion for class certification and to file any *Daubert* motion (on a consolidated basis as to any/all experts) is January 19, 2026.

      vi. Unless and until the Court orders otherwise, any opposition to a *Daubert* motion shall be filed within 30 days of a motion, and any reply shall be filed within 14 days of any opposition.

   e. The parties should not anticipate extensions of the deadlines for fact discovery and expert discovery set forth in the foregoing Paragraphs. Relatedly, the parties should not make a unilateral decision to stay or halt discovery (on the basis of settlement negotiations or otherwise) in anticipation of an extension. If something unforeseen arises, a party may seek a limited extension of the foregoing deadlines by letter-motion filed on ECF. Any such motion must be filed before the relevant deadline and must explain why, despite the parties' due diligence, discovery could not be completed by the relevant deadline.

9. Interim Discovery Deadlines:

    a. For *Wyatt, McGowan,* and *Jenkins*, initial requests for production of documents shall be served by March 21, 2025.

    b. For *Wyatt, McGowan,* and *Jenkins*, interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by March 21, 2025. No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

    c. Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than thirty (30) days before the close of discovery. No other interrogatories are permitted except upon prior express permission of the Court.

    d. Unless otherwise ordered by the Court, depositions of fact witnesses shall be completed by the date set forth in Paragraph 8(b).

        i. Absent an agreement between the parties or an order from this Court, depositions are not to be held until all parties have responded to initial requests for document production.

        ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

        iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    e. Unless otherwise ordered by the Court, requests to admit shall be served by no later than thirty (30) days before the close of discovery.

    f. Any of the deadlines in Paragraphs 9(a) through 9(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in Paragraph 8(b).

    g. [Left Intentionally Blank]

10. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules and Practices (available at https://nysd.uscourts.gov/hon-jesse-m-furman).

11. In the case of discovery disputes, parties should follow Local Civil Rules 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party shall, in accordance with the Court's Individual Rules and Practices in Civil Cases, promptly file a letter-motion, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Any

letter-motion seeking relief *must* include a representation that the meet-and-confer process occurred and was unsuccessful. Any opposition to a letter-motion seeking relief shall be filed as a letter, not to exceed three pages, within three business days. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone. **Counsel should seek relief in accordance with these procedures in a timely fashion; if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks, let alone more time for discovery.**

12. All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

13. Absent good cause, the Court will not have summary judgment practice in a non-jury case. Unless and until the Court orders otherwise, summary judgment motions are to be filed within thirty (30) days of the close of expert discovery. Unless otherwise ordered by the Court, opposition to any such motion is to be filed no later than 30 days after the motion is served on the opposing party, and a reply, if any, is to be filed no later than two weeks after service of any opposition.

14. Unless otherwise ordered by the Court, within thirty (30) days of the close of all discovery, or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). The parties shall also follow Paragraph 5 of the Court's Individual Rules and Practices for Civil Cases, which identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

15. If this action is to be tried before a jury, joint request for charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices.

16. Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial two weeks after the Joint Pretrial Order is filed.

17. These cases are to be tried to a jury. These cases are not consolidated for purposes of trial.

Counsel for the parties have conferred, and the present best estimate of the length of trial is two weeks for *Ostenfeld* and one week each for *Sites, Safran, Nixon, Wyatt, McGowan, and Jenkins*.

18. No later than March 7, 2025, Plaintiffs in *Wyatt, McGowan,* and *Jenkins* shall serve demands on Defendants.

_____

_____

_____

**TO BE FILLED IN BY THE COURT IF APPLICABLE:**

_____ shall file a motion for/to _____ no later than _____. Any opposition shall be filed by _____ . Any reply shall be filed by _____ _____.

The parties shall contact the Chambers of the Magistrate Judge assigned to this case on or before _____ in order to schedule settlement discussions under his/her supervision in or about _____ .

The parties shall file a joint letter by _____ indicating whether they would like the Court to refer the case to the assigned Magistrate Judge and/or the Court mediation program for settlement purposes and, if so, approximately when they believe a settlement conference should be held.

The next pretrial conference is scheduled for _____May 15, 2025_____ at _____9:00 a.m._____ . Unless and until the Court orders otherwise, the conference will be held remotely by telephone in accordance with Paragraph 2.B of the Court's Individual Rules and Practices in Civil Cases. The parties should join the conference by calling the Court's dedicated conference line at ~~(888) 363-4749~~ (855) 244-8681 and using access code ~~542-1540~~ 2303 019 3884, followed by the pound (#) key. When prompted for an attendee ID number, press the pound (#) key again.

Absent leave of Court, by Thursday of the week prior to any future conference, the parties shall file on ECF a joint letter, not to exceed three (3) pages, regarding the status of the case. The letter should include the following information in separate paragraphs:

(1)     A statement indicating whether the parties believe they can do without the pretrial conference altogether. If not, the Court will hold the pretrial conference, albeit perhaps at a different time. To that end, counsel should indicate in their joint letter dates and times during the week of the conference that they would be available for the teleconference;

(2)     A statement of all existing deadlines, due dates, and/or cut-off dates;

(3)     A brief description of any outstanding motions;

(4)     A brief description of the status of discovery and of any additional discovery that needs to be completed;

(5)  A list of all prior settlement discussions, including the date, the parties involved, whether any third-party (e.g., Magistrate Judge, mediator, etc.) was involved, and the approximate duration of such discussions, if any;

(6)  A statement of whether or how the Court could facilitate settlement of the case (for example, through a(nother) settlement conference before the assigned Magistrate Judge or as part of the Court's Mediation Program);

(7)  A statement of the anticipated length of trial and whether the case is to be tried to a jury;

(8)  A statement of whether the parties anticipate filing motions for summary judgment; and

(9)  Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Further, the use of any alternative dispute resolution mechanism does not stay or modify any date in this Order. Indeed, unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.

Any application to modify or extend the dates herein (except as provided in Paragraph 9(f)) shall be made in a written application in accordance with Court's Individual Rules and Practices for Civil Cases and shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended. Absent exceptional circumstances, extensions will not be granted after deadlines have already passed.

**This Order applies to all member cases and, unless the Court orders otherwise, any case later accepted as related and consolidated for pretrial purposes.**

SO ORDERED.

Dated: January 31, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge